# HILLSBOROUGH,

## JUNE TERM, A. D. 1860.

## PEABODY'S PETITION.

The Supreme Court will not grant an extension of a commission of insolvency, after the expiration of two years from the date of the original commission, though the petitioner may have been prevented, by accident, mistake, or misfortune, from presenting his claim, or applying for an extension of the commission within the term limited by law for its extension by the court of probate.

THE PETITION of Ashur Peabody states that Jonathan Batchelder, late, &c., at his decease and before, was a partner of the petitioner, under the firm of "The Mason Mill Company;" that Batchelder died November 1, 1856; that at his decease there was partnership property of the firm of the value of $2,000, claims outstanding against the firm to the amount of $2,000, and unsettled partnership accounts and business between the petitioners and Batchelder to the amount of $4,000, and he believes, on a fair settlement, a balance of $2,000 to $3,000 would be found due him from Batchelder's estate; that from Batchelder's decease to November 1, 1859, he was unable, by unusual diligence, to arrange and close up said partnership affairs, so as to present his claim to the commissioner on said estate, which was insolvent, for allowance; that said Batchelder's estate was decreed to be administered as an insolvent estate, at a court of probate, &c., held April 7, 1857, and a commissioner appointed; that two years, during which said commission could be extended by the court of

probate, expired April 9, 1859; that during that time the petitioner was prevented from presenting his claims, for the reason before stated, and was ignorant that the commission could not be extended by the court of probate beyond two years; that great injustice will be done him, and he will lose from $2,000 to $3,000, unless the court interfere to grant relief; and he therefore prays that said commission may be extended, so that he may have opportunity to present his claim for allowance.

*Lull*, for the petitioner.

*Sawyer & Stevens*, for the petitionees.

BELL, C. J. By chapter 162 of the Revised Statutes, one or more commissioners shall be appointed to examine and allow the claims of creditors against insolvent estates. A time, not less than six nor more than nine months from the date of the commission, shall be prescribed by the judge for the creditors to bring in and support their claims against the estate. Secs. 1, 2, 3. For sufficient cause the judge may allow a further time or times to the creditors, not exceeding in the whole two years from the date of the original commission. Sec. 12. All demands against any estate, which might be presented to the commissioner, and were not so presented, shall be forever barred. Ch. 163, sec. 16.

This petition is probably presented to the court under the idea that they have a general authority to allow new trials, in any case where it shall appear that justice has not been done, through any accident, mistake, or misfortune, and that a further hearing would be just and equitable. Rev. Stat., ch. 192, sec. 2.

This is a remedial jurisdiction of a very beneficial character, and to be liberally construed; but we find decisions heretofore made which fix a limit to it in cases of this

kind. In *Sheafe* v. *Sheafe*, 29 N. H. 269, it was held that the power to afford redress by new trials was confined to cases in which the proceedings are by writ, and according to the course of the common law, and does not extend to the case of a petition for a new trial of a petition relating to divorce and alimony. The principle laid down in the case, upon the authority of several adjudged cases in Massachusetts, and upon the construction of our own statute, must apply with equal force here, where no part of the proceeding is at common law, or analogous to the course of common law proceedings. *Taylor* v. *Barron*, 30 N. H. 97.

In *Smith* v. *McDaniel*, 15 N. H. 474, it was held that the court had no authority, upon petition by a creditor who has failed to enter his appeal from the determination of the commissioners on an insolvent estate, to grant a review or new trial. There is a close analogy between this case and that before the court. In the former the party is barred, if he fails to enter his appeal and recover in it ; and here he is barred, if he fails to enter his claim before the commissioner ; and we think the view taken in this case, as well as in *Sheafe* v. *Sheafe*, must be decisive against this petition.

It has never been held, so far as we are aware, that the statute allowing of new trials applied to cases where the statutes provide that the action shall be barred unless an action is brought or other remedy pursued within a limited time, though it should appear that the party had failed to commence his suit or other proceeding within the time prescribed, by reason of accident, mistake, or misfortune. The present is not easily distinguishable from a case of that kind.

*Petition dismissed.*